DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Jerry Moore, has appealed from his conviction by the Elyria Municipal Court for selling alcohol to an underage person. We affirm.
On May 8, 2000, Defendant was cited for selling alcohol to a minor under Elyria Codified Ordinance 529.02(A). On May 10, 2000, following a motion by the State, the charge was amended to include a sale to a minor in violation of R.C. 4301.69, instead of the ordinance violation. On August 3, 2000, following a bench trial, Defendant was found guilty of the charge and fined three hundred dollars with the fine suspended but conditioned upon good behavior for one year. Defendant timely appealed and has raised three assignments of error for review. This Court will address Defendant's first and second assignments of error concurrently for ease of review.
 ASSIGNMENT OF ERROR I The trial court's judgment was based on evidence that was insufficient to support the conviction.
 ASSIGNMENT OF ERROR II The trial court's judgment was against the manifest weight of the evidence.
In his first and second assignments of error, Defendant has argued that his conviction for selling alcohol to a minor was insufficient as a matter of law and against the manifest weight of the evidence. We disagree.
The function of an appellate court on review is to assess the sufficiency of the evidence "to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. In making this determination, a reviewing court must view the evidence in the light most favorable to the prosecution. Id.;State v. Feliciano (1996), 115 Ohio App.3d 646, 652.
While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion.State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). In making this determination, we do not view the evidence in the light most favorable to the prosecution. Instead, we must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This action is reserved for the exceptional case where the evidence weighs heavily in favor of the defendant. Id. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (emphasissic) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
Defendant was charged with a violation of R.C. 4301.69, which states in part:
 (A)Except as otherwise provided in this chapter, no person shall sell beer or intoxicating liquor to an underage person, shall buy beer or intoxicating liquor for an underage person, or shall furnish to an underage person, unless given by a physician in the regular line of the physician's practice or given for established religious purposes or unless the underage person is accompanied by a parent, spouse who is not an underage person, or a legal guardian.
The evidence produced at trial supports a conviction for such an offense.
The testimony established that the police used a confidential informant to purchase beer from the Five Points Marathon Gas Station. The informant was dropped off on a side street minutes from the station. The informant testified that she entered the Five Points Marathon Gas Station and purchased a forty-ounce bottle of Old English beer from Defendant who was working at the gas station at that time. She further testified that at the time of the sale she was twenty-years-old. The officers conducting the controlled buy testified that when the confidential informant entered the store she was not carrying anything. When she left the store she was carrying a brown paper bag containing the alcohol. When the informant returned to the police cruiser she described Defendant to the police as the one who had sold her the alcohol. The police then entered the establishment to make the arrest. The informant testified that prior to the sale she was familiar with Defendant as an acquaintance of a family member. She was positive that it was Defendant that had sold her the alcohol.
Defendant has argued that because a receipt was not produced, fingerprints were not taken, and the buy money was not found in the cash register, the trial court's conclusion that the alcohol was sold and not stolen was against the manifest weight of the evidence. We find this argument to be unsupported by the evidence. The informant participated in the controlled buy as a part of a school project. She was paid for her assistance, however, she did not know that she would be paid at the time of the buy. She exited the store carrying the alcohol in a brown paper bag in plain view. Additionally there was testimony by both the State's witnesses and the defense witness that there were several other customers that made purchases following the controlled buy. The conclusion that the buy money was dispersed as change is plausible. In this case, there was no evidence produced to support Defendant's allegations that the alcohol was stolen and not purchased. Even if there had been some question over the sale, "when conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony." State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757, unreported, at 4.
This court may reverse a conviction and order a new trial only in the exceptional case where the evidence weighs heavily in favor of the defendant. State v. Otten, 33 Ohio App.3d at 340. This is not such a case. Accordingly, Defendant's contentions that his conviction was against the manifest weight of the evidence and supported by insufficient evidence is without merit.
 ASSIGNMENT OF ERROR III The trial court erred by allowing and considering hearsay testimony which violated Defendant's right against self incrimination under the 5th Amendment of the US (sic.) Constitution and Article 1, Section 10 of the Ohio Constitution.
In his third assignment of error, Defendant has argued that the trial court erred by allowing Detective William Pelko to testify as to hearsay statements made by Defendant to the detective following the sale. We disagree.
Detective Pelko testified to the following exchange:
 Q Okay. Did you go — did you enter the store after Miss Madison left?
A Yes.
Q And what happened?
 A We went in — well, we contacted [Defendant]. He was the only person wearing a white shirt and blue pants and the only black male there matching that description. Ah, we were advised that he was the one she purchased the beer from. We then ad — confronted him and asked if he just sold a 40-ounce — recently sold a 40-ounce beer to a female. He stated no.
* * *
 A Um, we asked him if he sold the — sold the beer to a — a female, he stated no. We said it was — well, it was a black male wearing a white T-shirt and blue pants. He said I was the only black male working at the time.
Defendant has contended that his statements to the police as provided above are hearsay and were improperly admitted.
A trial court enjoys broad discretion in determining the admissibility of evidence and its decision should not be reversed absent an abuse of discretion that has caused the defendant to suffer material prejudice.State v. Davis (Aug. 21, 1991), Medina App. No. 1952, unreported, at 3, citing State v. Hymore (1967), 9 Ohio St.2d 122, 128. As a general rule, out of court statements offered to prove the truth of the matter asserted are hearsay and are not admissible. Evid.R. 801(C) and 802.
Pursuant to Evid.R. 801(D)(2), "[a] statement is not hearsay if * * * [t]he statement is offered against a party and is * * * his own statement, in either his individual or a representative capacity[.]" In this case, the statement was made by Defendant and is being offered against him. Therefore, the statement is not hearsay and was properly admitted. Defendant's third assignment of error is without merit.
Defendant's assignments of error are overruled and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
CARR, J., WHITMORE, J., CONCUR.